NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0508n.06

No. 23-3356

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 08, 2023
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| SUKHWINDER SINGH, | ) | |
|     Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) | |
|     Respondent. | ) | OPINION |
| | ) | |

---

Before: SUTTON, Chief Judge; WHITE and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Sukhwinder Singh applied for asylum, withholding of removal, and protection from removal under the Convention Against Torture (CAT). But Singh did not meet the evidentiary deadlines set by the Immigration Judge (IJ), who also found Singh's testimony not credible. The IJ denied Singh relief, and the Board of Immigration Appeals (BIA) affirmed. As discussed below, we deny Singh's petition for review.

**I.**

Singh, an Indian national who practices the Sikh faith, immigrated to the United States in March 2016. The government began removal proceedings against him. Six months later, Singh submitted his application for asylum and related relief. At a hearing on December 28, 2016, the IJ directed Singh to submit exhibit and witness lists to support his application no later than July 1, 2019. That deadline preceded the hearing date, which the IJ set for August 1, 2019.

Singh did not submit documents by the July 1 deadline. Instead, he submitted news articles and related evidence on country conditions a week late, on July 8, and his witness list and other evidence, such as declarations and documents from India, seventeen days late, on July 18. Singh also submitted a motion for acceptance of the late filing on July 18. In the motion, his counsel stated that Singh "did not provide the documents to [counsel] in time" and that counsel received documents after the deadline "[d]ue to circumstances beyond [counsel's] control," but counsel explained no further.

At his August 1, 2019 hearing, the IJ asked Singh's counsel why Singh submitted documents supporting his application after the July 1 deadline. Singh's counsel offered no explanation other than to say that Singh informed her "that there would be a considerable delay in getting those documents," that Singh's counsel had "tried to file it as close to the date that the Court had set as the cutoff as possible," and, specifically regarding the witness list, that Singh was newly married and his wife subsequently told counsel that she was available as a witness. Certified Administrative Record (AR) 109–10, ECF No. 5-2. The government argued in response that the late filing was unjustified. The declarations and documentary evidence from India described events Singh experienced in India years earlier, the news articles and other country-conditions evidence were likewise readily available before the July 1 deadline, and Singh's wife did not appear to have only recently learned about the events that Singh experienced. The IJ determined that Singh's response was "not a sufficient excuse for the late filing," and so the untimely material was rejected for inclusion in the evidentiary record. *Id.* at 111.

At the hearing that followed, Singh testified that he had fled India because rival political parties threatened him for his work for a political party that sought to establish a separate Sikh state. Members of those rival parties attacked him twice. In the first attack, on April 13, 2014,

they approached Singh while he was hanging posters, told him to stop working for his party, and beat him with batons and other weapons when he refused. The second attack took place on July 17, 2014, when members approached Singh as he returned home from a blood drive, chastised him for still working for his party, and beat him again. After the second attack, Singh went to the hospital and later hid with a family friend for a few months before fleeing India in November 2014. He ultimately reached the United States in March 2016.

After hearing this testimony, the IJ denied Singh's application. In his decision, the IJ reiterated that he did not consider Singh's late-filed documents because Singh failed to justify their untimely filing. The IJ also concluded that Singh lacked credibility, in part because he offered inconsistent testimony about whether he filed a police report after the first attack.

Singh appealed the IJ's decision to the BIA, which dismissed his appeal. The BIA determined that the IJ's "exclusion of the late-filed documents did not deny [Singh] a fair hearing or violate his due process rights." *Id.* at 3. The BIA further concluded that, because Singh testified inconsistently, the IJ's "adverse credibility determination is not clearly erroneous." *Id.* at 3-4. Singh now petitions this court to review the BIA's decision. We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252.

## II.

Singh argues that the IJ erroneously (1) excluded the late-filed evidence and (2) concluded that Singh was not a credible witness. Neither argument is persuasive.

In removal proceedings, a noncitizen "is entitled to a reasonable opportunity to present evidence" on his behalf. *Hassan v. Gonzales*, 403 F.3d 429, 435 (6th Cir. 2005) (cleaned up). "Evidentiary matters in immigration proceedings, however, are not subject to the Federal Rules of Evidence, and we review evidentiary rulings by IJs only to determine whether such rulings have

resulted in a violation of due process," which arises when "the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case." *Id.* at 435–36 (first quoting *Singh v. Ashcroft*, 398 F.3d 396, 407–08 (6th Cir. 2005), then quoting *Ladha v. INS*, 215 F.3d 889, 904 (9th Cir. 2000)). We review alleged due process violations in this context de novo. *Id.* at 435.

Under the IJ's December 28, 2016 order, Singh had more than two years to submit his exhibit and witness lists. He did not file these materials by the July 1, 2019 deadline. Indeed, it was another seven days after that deadline before he submitted country-conditions evidence and another eleven days after that before his witness list and other evidence came in. And Singh never explained his delay. Because Singh failed to comply with the deadline to submit a witness list and evidence supporting his application and did not provide grounds justifying his delay, the IJ did not deny Singh due process by excluding the late-filed evidence. *See id.* at 436 (concluding that the exclusion of an untimely filed letter did not deny a noncitizen due process when the noncitizen had more than eight months since his asylum application to obtain the letter and provided no justification for failing to comply with the filing deadline).

On the second point, the IJ did not clearly err when he determined that Singh's testimony was not credible. Before addressing the merits of a noncitizen's application, the IJ must "make a threshold determination of the applicant's credibility." *Jolon-Velasquez v. Garland*, No. 21-3029, 2021 WL 5013818, at *4 (6th Cir. Oct. 28, 2021) (alterations adopted) (internal quotation marks and citation omitted). An applicant's credibility is not presumed and may be negated by inconsistencies within his testimony. 8 U.S.C. § 1158(b)(1)(B)(iii) (asylum); *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009) (asylum, withholding of removal, and CAT protection). "Credibility determinations are considered findings of fact, and are reviewed under the substantial

evidence standard," which deems adverse credibility determinations "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Marikasi v. Lynch*, 840 F.3d 281, 287 (6th Cir. 2016) (citations omitted).

Here, Singh inconsistently testified about whether he made a police report after the April 13, 2014 attack. He first testified on direct examination that neither he nor his family reported the April 13 attack to anyone because he was "scared." AR at 134. But, minutes later, Singh testified that he filed a police report about the attack with his father. *Id.* at 140. And when asked about this testimony on cross examination, Singh said only that "[m]aybe [he] could've made a mistake in understanding" his counsel's question on direct. *Id.* at 157. This plain inconsistency gave the IJ grounds to make an adverse credibility determination against Singh and thus deny his application. *See El-Moussa v. Holder*, 569 F.3d at 257.

## III.

For the foregoing reasons, we deny Singh's petition for review.